```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
JAMES J. MANDARINO

                Plaintiff,

    -against-                            04-CV-00148(KMW)
                                              ORDER

JAMES MANDARINO, ALEXANDRIA PAOLERCIO,
and JOHN DOES 1 THROUGH 5,

                Defendants.
---------------------------------------X
Wood, U.S.D.J.:
```

Plaintiff James J. Mandarino alleges that he is the victim of a scheme orchestrated by Defendants James Mandarino and Alexandria Paolercio (referred to hereinafter as "Defendants") to deprive him of certain property rights.[1] Plaintiff claims that Defendants' actions violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-64 ("RICO"), and constituted a breach of fiduciary duty, common law fraud, conversion, and consumer fraud, pursuant to New York state law and New Jersey state law.  Defendants move to dismiss for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1)&(6), and move for sanctions against Plaintiff

---

[1] Plaintiff also sues five "John Doe" Defendants who, he alleges, are "thought to exist" (Compl. ¶ 5); he states no causes of action against them.

pursuant to Fed. R. Civ. P. 11 ("Rule 11"). For the reasons stated below, Defendants' motion to dismiss is granted with prejudice, and Defendants' motion for Rule 11 sanctions is denied.

Background

On a motion to dismiss, the Court accepts as true the facts alleged in the Complaint. The facts alleged in the Complaint are as follows.

Defendant James Mandarino is Plaintiff's estranged son; Defendant Alexandra Paolercio is Plaintiff's former wife. (Compl. ¶¶ 3-4.) Plaintiff is a resident of the State of New York; Defendants are both residents of New Jersey. (Compl. ¶¶ 2-4.)

With respect to Defendants' contention that Plaintiff's claims are time-barred by the applicable statutes of limitations, Plaintiff alleges the following facts. On November 14, 1993, Plaintiff was admitted to the Barnert Hospital in Paterson, New Jersey, and was found to have taken an overdose of heroin, and to be suffering from respiratory failure. (Compl. Ex. 2.) Plaintiff's medical records indicate that he initially was "confused, disoriented" and did not remember how he came to be in the

hospital. Id. Plaintiff's medical condition improved, and he was discharged from the hospital on December 3, 1993, with a final diagnosis of drug overdose, hypoxic encephalopathy, hypertension, and major depression. Id. Plaintiff claims that as a result of his condition, he did not recall the location and extent of his business and personal assets for almost nine years -- from November 1993 through to June 2002. (Compl. ¶¶ 9, 13.)

Plaintiff claims that between November 1993 and the end of 1996, during which time Plaintiff was allegedly mentally incapacitated, Defendants committed eleven acts of mail fraud that injured Plaintiff. (Compl. ¶¶ 21-47.) Plaintiff also claims that Defendant James Mandarino, alleged to be an attorney admitted to practice law in New Jersey, violated the New York and New Jersey consumer fraud acts when he allegedly breached his fiduciary duty to Plaintiff by impersonating Plaintiff and forging Plaintiff's signature on various written instruments.[2] (Compl. ¶¶ 9-10.) Plaintiff also alleges that Defendants actively concealed all these

---

[2] Plaintiff states, without further explanation, that Defendant James Mandarino was supposed to manage Plaintiff's affairs, in his capacity as Plaintiff's son, and in his fiduciary capacity as a lawyer, during the "early stage" of Plaintiff's mental incapacity. (Compl. ¶ 9.) Plaintiff does not explain how the alleged fiduciary relationship between Plaintiff and Defendant James Mandarino came into existence, the scope of Defendant's alleged fiduciary duties, or the termination of Defendant's alleged role as Plaintiff's fiduciary.

fraudulent acts from Plaintiff (Compl. ¶ 12.), and that Plaintiff first discovered Defendants' fraudulent scheme when he "partially regained his ability to perceive events," in June 2002. (Compl. ¶ 12-13.)

The Court takes judicial notice of the facts that during the period of Plaintiff's claimed mental incapacity, Plaintiff was active in two lawsuits.[3]  In 1994, Plaintiff filed an answer, cross-claim, and counter-claim as a Defendant in a civil RICO action in the Eastern District of New York.  (Defs.' Mot. to Dismiss Ex. B.)  In 1997, Plaintiff filed suit against the City of New York, in Bronx County Supreme Court, for an alleged violation of his constitutional rights.  (Defs.' Mot. to Dismiss Ex. B.)

Plaintiff alleges one cause of action that is not subject to a statute of limitations defense: he alleges that in September or October 2003, Defendants fraudulently

---

The Complaint does not state whether the alleged fiduciary relationship began before or after the onset of Plaintiff's alleged mental incapacity.

[3] In deciding a motion to dismiss, the Court also may take judicial notice of prior court proceedings.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).  The Court takes judicial notice of two prior judicial proceedings:
- (1) Mandarino v. City of New York, Supreme Court, Bronx County, Index Number 22094/1997.  On September 11, 1997 James Mandarino filed a Complaint against the City of New York alleging that police officers violated Plaintiff's due process rights by impounding and selling his automobile following Plaintiff's arrest on June 23, 1996 (Defs.' Mot. to Dismiss Ex. B);
- (2) Chester Group, LP v. Broadway Auto Sales, et al., Eastern District of New York, Docket Number 92cv01720, Documents 49, 50, 53, 57.  Plaintiff was a Defendant in this federal RICO action; on July 15, 1994, Plaintiff filed an Answer, Counterclaim, and Cross-Claim.  The action was terminated by stipulation in 1996. (Defs.' Mot. to Dismiss Ex. C.)

converted his interest in a property jointly owned by Plaintiff and Defendant Paolercio. (Compl. ¶ 14.)

## Discussion

Defendants move to dismiss, claiming that: (1) Plaintiff's RICO claims are barred by the applicable statute of limitations; (2) Plaintiff fails to properly allege the existence of a racketeering enterprise, as required by RICO; (3) Plaintiff fails to state a RICO cause of action; (4) Plaintiff's pre-2003 common law claims are barred by the applicable statutes of limitations; (5) Plaintiff fails to plead with particularity the necessary elements of his common law fraud claims; and (6) Plaintiff fails to properly plead federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) for his claim that some time in 2003, Defendants fraudulently converted Plaintiff's property (this ground for dismissal would need to be considered if Plaintiff's federal RICO claims are dismissed; in that event, Plaintiff would be required to assert an original basis for federal subject matter jurisdiction over his 2003 claims).

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court merely determines whether the complaint itself is legally sufficient, Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985), and accepts as true its factual allegations, see Anatian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85, 88 (2d Cir. 1999). The Court draws all inferences in favor of the non-moving party. See Moore v. PaineWebber, Inc., 189 F.3d 165 (2d Cir. 1999). The complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Cruz v. Gomez, 202 F. 3d 593, 597 (2d Cir. 2000) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### Counts One through Five: Plaintiff's claims for acts committed between 1993 and 1997

Plaintiff commenced this action on January 8, 2004. Plaintiff alleges in Counts One through Five that he was injured by a series of unlawful acts by Defendants committed between 1993 and 1997. Plaintiff thus seeks redress for acts that occurred more than six years before he commenced

this action.  The applicable statutes of limitations for Plaintiff's causes of action are:

- Civil RICO:  A plaintiff must commence a civil RICO action within four years of the date when the injury should, through the exercise of reasonable due diligence, have been discovered.  See Rotella v. Wood, 528 U.S. 549, 553-57 (2000).

- Breach of Fiduciary Duty:  New York[4] applies a three-year limitations period to actions alleging breach of fiduciary duty, where a plaintiff seeks monetary relief, not equitable relief.  See Kaufman v. Cohen, 760 N.Y.S.2d 157, 164 (App. Div. 2003).

- Common Law Fraud: New York's limitations period for actions alleging fraud is six years, see Parlato v. Equitable Life Assur. Soc'y of the United States, 299 A.D.2d 108, 114 (N.Y. App. Div. 2002), except that New York allows a claimant to file a claim later, if (1) the claim is filed within two years of discovery of the fraud, and (2) Plaintiff can show that even with the

---

[4] The Court has jurisdiction over these common law claims pursuant to diversity jurisdiction; Plaintiff resides in New York, and Defendants reside in New Jersey.  Defendants rely upon New York's statutes of limitations, as does the Court.  Although many of the alleged acts occurred in New Jersey, Plaintiff relies upon New Jersey law for only one cause of action, the alleged violation of the New Jersey consumer fraud act discussed infra.

exercise of reasonable diligence, he could not have discovered the fraud sooner. <u>Id.</u> at 114 n.2.

- Conversion: New York applies a three-year limitations period to actions alleging conversion. <u>See</u> <u>Svenska Finans Intern. BV v. Scolaro, Shulman, Cohen, Lawler & Burstein, P.C.</u>, 37 F.Supp.2d 178, 185 (N.D.N.Y. 1999).

Because Plaintiff commenced this action on January 8, 2004, Plaintiff's RICO, common law fraud, conversion, and breach of fiduciary duty claims would be time-barred to the extent they are based on transactions that occurred prior to January 8, 1998, unless Plaintiff can show that the limitations periods should be equitably tolled.

The Court finds that Plaintiff cannot invoke equitable tolling for any of the time-barred claims.[5]

Plaintiff's otherwise time-barred claims, both federal and state, would be eligible for equitable tolling for any period of time during which Plaintiff suffered from a mental incapacity that precluded him from managing his legal

---

[5] Although Plaintiff does not explicitly ask the Court to equitably toll the statute of limitations, and states that his complaint is "well within the statute of limitations period" (Pl. Reply 7), the Court liberally construes Plaintiff's statement that he was first capable of understanding the fraud allegedly perpetrated against him when he "partially regained his ability to perceive events" in June 2002 (Compl. ¶ 13), to be a request for equitable tolling.

affairs.⁶ See <u>Tsai v. Rockefeller Univ.</u>, 137 F.Supp.2d 276, 282 (S.D.N.Y. 2001)("the toll for insanity is narrowly interpreted and extends only to those individuals who are unable to protect their legal rights because of an overall inability to function in society"); see also <u>McCarthy v. Volkswagen of America, Inc.</u>, 55 N.Y.2d 543, 548 (1982); N.Y. C.P.L.R. § 208.  The Court finds that Plaintiff's participation in two lawsuits during the time period of his alleged mental incapacity shows that he was sufficiently able to protect his legal rights that he cannot avail himself of New York's toll for insanity.⁷

<u>Plaintiff's Consumer Fraud Claim Is
Dismissed for Failure to State a Claim</u>

Plaintiff alleges that "Defendant [James Mandarino]'s actions constitute violations of the applicable Consumer

---

⁶As stated, <u>supra</u>, Plaintiff has not actually requested equitable tolling of his time-barred claims, but the Court interprets his assertion that he suffered from a nine-year incapacity as a request for equitable tolling for the nine-year period.  Plaintiff cannot benefit from equitable tolling unless he meets the high burden of demonstrating the existence of "extraordinary circumstances" that warrant equitable tolling.  See <u>Boos v. Runyon</u>, 201 F.3d 178, 185 (2d Cir. 2000).  The Second Circuit has made clear that equitable tolling may not be invoked where a plaintiff's only evidence of mental incapacity is his "conclusory and vague claims" that he suffered from a mental incapacity.  See <u>Id.</u>

⁷ The standard stated above is functionally equivalent to a standard articulated in some RICO cases, that even if Defendants actively concealed their fraudulent acts, a plaintiff must establish that he exercised "reasonable diligence" to discover the unlawful acts, in order to equitably toll the limitations period.  See <u>Klehr v. A. O. Smith Corp.</u>, 521 U.S. 179, 194-96 (1997).

Fraud statutes."[8] (Compl. ¶ 66). Defendant Mandarino moves to dismiss these claims because they fail to allege that Mandarino's conduct affected consumers generally, an allegation required by both New York and New Jersey law.

Plaintiff argues that because "legal services and fiduciary services … are a type of conduct that would have an impact on consumers generally, the complaint adequately sets forth a claim for relief." (Pl.'s Reply 8.) However, Plaintiff's allegations are simply that Defendant Mandarino, acting as Plaintiff's fiduciary during the "early stage" of Plaintiff's mental incapacity (Compl. ¶ 9), breached his fiduciary duty to Plaintiff by forging Plaintiff's signature and impersonating Plaintiff. (Compl. ¶ 10.) These allegations are insufficient, in that they do not state that Mandarino's conduct had an impact on consumers generally. See Harary v. Allstate Ins. Co., 983 F. Supp. 95, 98 (E.D.N.Y. 1997)(New York's consumer protection law applies only to conduct that would have an impact on consumers generally); Cox v. Sears Roebuck & Co., 138 N.J. 2, 14 (1994)(New Jersey's consumer fraud act was enacted to

---

[8] Plaintiff's Complaint is silent as to whether he sues Defendants pursuant to the New York or New Jersey consumer fraud acts. Plaintiff's response to the instant motion to dismiss indicates that he is suing Defendants under each act, for alleged violations of each respective state's consumer fraud acts. (Pl. Reply 8.)

prevent the defrauding of consumers); see also ARC Networks, Inc. v. Gold Phone Card Co., 333 N.J. Super. 587, 590-91 (Law Div. 2000)(New Jersey's consumer fraud act applies only to specific consumer transactions enumerated by the New Jersey Attorney General).

The Court therefore dismisses, with prejudice, Count Six of the Complaint.

### The Fraudulent Act that Allegedly Occurred in 2003 is Dismissed for Failure to Plead Fraud with Sufficient Particularity

Plaintiff alleges one act of common law fraud that would not be barred by New York's limitations period for an action alleging fraud:[9] that in September or October of 2003, Defendants unlawfully and fraudulently converted Plaintiff's one-half interest in a property in Pennsylvania. (Compl. ¶ 14.)

This allegation fails to comply with the pleading requirement that the "circumstances constituting fraud ... be stated with particularity."  Fed. R. Civ. P. 9(b).

---

[9] The Court notes that Plaintiff cannot revive his time-barred RICO claims based on an act committed in 2003.  See Klehr v. A. O. Smith Corp., 521 U.S. 179, 186-87 (1997)(holding that in Civil RICO actions, claims for acts committed outside the limitations period cannot be revived by a claim that another racketeering act was committed within the limitations period).

Plaintiff alleges only that Defendants fraudulently converted his half-interest in a property; he fails to allege any facts in support of that conclusion.  See Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994)(a complaint alleging fraud must (1) specify the allegedly fraudulent statements; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent).

The Court therefore dismisses, with prejudice, the claim for fraud alleged to have occurred in 2003.

### Defendants' Motion for Rule 11 Sanctions is Denied

Defendants, in the same motion papers in which they move to dismiss Plaintiff's claims, seek Rule 11 sanctions against defense counsel.  Defendants' motion for Rule 11 sanctions is denied pursuant to Fed. R. Civ. P. 11(c)(1)(A)("[a] motion for sanctions under this rule shall be made separately from other motions or requests").

## Conclusion

For the above stated reasons, all six counts of Plaintiffs' Complaint are dismissed with prejudice, pursuant to FRCP 12(b)(6) and FRCP 9(b).

The clerk of court is directed to close this case. Any pending motions are moot.

SO ORDERED.

Dated: New York, New York
July 14, 2005

*Kimba M. Wood*
Kimba M. Wood
United States District Judge