UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
              :
JAMES J. MANDARINO,
              :
       Plaintiff,
              :   OPINION AND ORDER
   -v.-
              :   04 Civ. 148 (GWG)

JAMES MANDARINO, ALEXANDRIA     :
PAOLERCIO, and JOHN DOES 1
THROUGH 5,              :

       Defendants.     :
-----------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**


APPEARANCES OF COUNSEL:

Michael Kimm, Esq.
41 Bancker Street
Englewood, NJ  07631
Attorney for Plaintiff


Suzanne M. Halbardier
Joseph DiGregorio
Barry, McTiernan & Moore
2 Rector Street, 14th Floor
New York, NY  10006
Attorney for Defendants

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                    :
JAMES J. MANDARINO,                                 :
                                                    :
              Plaintiff,                            :
                                                    :     OPINION AND ORDER
         -v.-                                       :
                                                    :     04 Civ. 148 (GWG)
                                                    :
JAMES MANDARINO, ALEXANDRIA                         :
PAOLERCIO, and JOHN DOES 1                          :
THROUGH 5,                                          :
                                                    :
              Defendants.                           :
-----------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff James J. Mandarino has sued defendants James Mandarino (his son) and Alexandria Paolercio for damages arising out of an alleged violation of 18 U.S.C. § 1962, as well as for common law fraud, conversion, consumer fraud, and breach of fiduciary duty. Plaintiff died on May 2, 2008. See Florida Certificate of Death (annexed as Ex. A to Declaration of Joseph DiGregorio, Esq., filed Apr. 20, 2009 (Docket # 110) ("DiGregorio Decl.")). Plaintiff's attorney has filed a motion to substitute Patricia Mandarino as plaintiff in this case in her capacity as the personal representative of plaintiff's estate. See Plaintiff's Notice of Motion to Substitute Parties, filed Apr. 2, 2009 (Docket # 102). Defendants oppose the motion to substitute and cross-move for dismissal of this action. See Defendants' Notice of Cross Motion, filed Apr. 20, 2009 (Docket # 108).[1]

Defendants' opposition to the motion to substitute is based solely on their argument that

---

[1] The parties have consented to disposition of this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

it is untimely under Fed. R. Civ. P. 25(a)(1). See Memorandum of Law in Opposition to Plaintiff's Motion to Substitute Parties and in Support of Defendants' Cross-Motion to Dismiss ("Def. Mem."), dated Apr. 16, 2009, at 3-6.[2]  Fed. R. Civ. P. 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Thus, the 90-day period for the filing of a motion to substitute does not begin until a "statement noting the death" (commonly referred to as a "suggestion of death" based on the prior wording of Rule 25) is served. See Gerber Trade Finance Inc. v. J.A.D.E. Fisheries, Inc., 2004 WL 626183, at *4 (S.D.N.Y. Mar. 29, 2004) ("the running of the 90 days begins with the proper suggestion of death upon the record" not when attorney "reported" that the party had died); Mobil Oil Corp. v. Lefkowitz, 454 F. Supp. 59, 69 (S.D.N.Y. 1977) (time period runs not from when parties were "aware" of the death but from when the suggestion of death is "filed"[3]); see generally Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 469-70 (2d Cir. 1998) (observing that the 90-day time limit "starting from the time information of the death is provided by means of a suggestion of death upon the record" was intended as a departure from the previous "inflexible requirement" that a motion for substitution be made within two years from the date of death) (citations and internal quotation marks omitted).

---

[2] Defendants' attempt to file this memorandum was rejected by the Electronic Court Filing system on April 16, 2009, with instructions as to how it should be re-filed. While defendants never re-filed the memorandum, the Court has considered it anyway inasmuch as the filing error was unrelated to the substance of the memorandum and plaintiff has responded to it.

[3] While Mobil Oil Corp. refers to the date the suggestion of death is "filed," Rule 25 begins the 90-day clock with "service" of the statement, not filing.

2

Defendants assume that a suggestion of death was made on May 5, 2008, when plaintiff's counsel wrote a letter to the Court advising it of plaintiff's death. See Letter from Kim E. Sparano to Hon. Gabriel W. Gorenstein (May 5, 2008) (annexed as Ex. B to DiGregorio Decl.). But Rule 25's 90-day clock does not start until "service" is made of the statement of death. Service, in turn, is governed by Fed. R. Civ. P. 5(b)(2), which contains specific requirements for service of papers in a lawsuit. See Fed. R. Civ. P. 25(a)(3) ("A statement noting death must be served in the same manner" as a motion to substitute, which "must be served on the parties as provided in Rule 5."). Here, there is no evidence that the May 5, 2008 letter was served on the parties by any of the means permitted by Rule 5. The face of the letter itself suggests that it was sent to opposing counsel only by facsimile telecopier, which is not a permissible method of service on an attorney absent consent in writing. See Fed. R. Civ. P. 5(b)(2); Local Civil Rule 5.3(b). Case law has noted that proper service is a requirement for the running of the 90-day period. See, e.g., Int'l Cablevision, Inc. v. Sykes, 172 F.R.D. 63, 66 (W.D.N.Y. 1997) ("In the present case, [a] letter to the court and [opposing counsel] did not constitute a formal suggestion of death. First, [the] letter was not properly served on opposing counsel and filed with the court according to the requirements of Rule 5. On its face, the letter is an informal notification of the death . . . ."); Stephens v. Am. Risk Mgmt. Inc., 1995 WL 479438 (S.D.N.Y. Aug. 14, 1995), at *2 (informal notice by attorney to the deceased did not trigger the 90-day period, which "can only be triggered by formal service of a suggestion of death"); Gronowicz v. Leonard, 109 F.R.D. 624, 627 (S.D.N.Y. 1986) (suggestion of death was invalid because, inter alia, there was "[no] indication that the letters were served and filed pursuant to Rule 5"); accord Barlow v. Ground, 39 F.3d 231, 233-34 (9th Cir. 1994) (only proper service triggers the 90-day period); 6

3

Moore's Federal Practice § 25.13[1], [2][b] (3d ed. 2008) (Rule 25 "implies that the statement noting the death of a party . . . must be a formal, written document that is both served on the appropriate persons and filed with the court.").

In sum, there is no evidence that there has ever been a properly-served statement of death in this case that triggered the 90-day period for filing a motion to substitute.[4] As defendants have raised only untimeliness in opposition to plaintiff's motion, their cross-motion for dismissal (Docket # 108) is denied.  Nonetheless, the Court will this time deny the motion to substitute (Docket # 102) because there is no evidence in the record that Patricia Mandarino has been appointed as representative of plaintiff's estate by an appropriate court.  If plaintiff provides proof of the appointment within 30 days, the Court will grant the motion to substitute.

SO ORDERED.

Dated: May 29, 2009
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[4] Although we do not reach this issue, it also appears that the May 5, 2008 letter may not have been a valid statement of death because a decedent's counsel does not have the authority to make a suggestion of death. See, e.g., Morales v. CT Holdings, Inc., 2001 WL 1204011 (S.D.N.Y. Oct. 10, 2001), at *1 ("A decedent's attorney is not a party to the action and, perforce of the decedent's death, ceases to represent him; hence, an attorney for a deceased party has no authority to suggest the death of his deceased client upon the record.") (citation omitted).

4